IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Gene Trappier, #17041-171, ) | C/A: 5:12-1159-TLW-KDW |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| Dr. David Crawford, MD; Dr. Victor Loranth, MD; ) | |
| Dr. William F. Rigney, MD; Dr. Mrs. Dodson, MD, sued in ) | |
| their individual and official capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff is a prisoner at the Federal Correctional Institution in Williamsburg, South Carolina, ("Williamsburg FCI") and files this case pro se and *in forma pauperis*. Under Local Civil Rule 73.02(B)(2), pretrial proceedings in this action have been automatically referred to the undersigned United States Magistrate Judge. Plaintiff proceeds under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] alleging violations of constitutional rights. Compl., ECF No. 1 at 1. He alleges medical malpractice against four physicians. As discussed within, it is recommended that the Complaint be summarily dismissed for failure to state a claim on which relief may be granted.[2]

---

[1]*Bivens* establishes as a general proposition that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, case law involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20, n.30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994).

[2]Plaintiff generally cites to "'FTCA'" as a basis for jurisdiction. ECF No. 1 at 1. Presumably, Plaintiff is referencing the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. However, he makes no further reference to it, and he did not bring this action against the United States. *See* 28 U.S.C. § 2679(b) (providing FTCA remedy available in suits brought exclusively against the United States). Further consideration of the FTCA is not warranted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a case in which a litigant seeks to proceed *in forma pauperis* at any time it determines the action fails to state a claim on which relief may be granted. *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

Background and Discussion

Plaintiff alleges he has had a lump growing on the right side of his neck since March 2011, but that Defendants have refused to treat it. Compl., ECF No. 1 at 2. However, Plaintiff admits that he has been examined by physicians several times. The Complaint reveals that Defendant Dr. Rigney examined Plaintiff on April 18, 2011, diagnosed the condition as a "hair bump," and offered no treatment. *Id.* Plaintiff had an appointment with Defendant Dr. Loranth on August 11, 2011, and Plaintiff avers Dr. Loranth diagnosed him with a "Nid Node" without examining him. *Id.* at 3. Plaintiff states Dr. Loranth offered no treatment. *Id.* Plaintiff saw Dr. Loranth again on October 27, 2011, but again Defendant offered no treatment. ECF No. 1 at 4. Defendant Dr. Dodson, who examined Plaintiff on March 21, 2012, recommended no treatment. ECF No. 1 at 6. Plaintiff subsequently complained to Defendant Dr. Crawford during lunch time, who told him to give it some more time, but suggested tests could be indicated in the future if the problem did not resolve. *Id.* at 7. Plaintiff disagrees with Defendants' medical opinions and states that he fears he may have cancer, based on his own research. *Id.* at 6-7. He filed this Complaint seeking damages for medical malpractice and negligence against the medical staff at Williamsburg FCI "after a year of not providing me any treatment or services." *Id.* at 7.

The law is clear that correctional systems are required to provide medical care to inmates:

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being. . . . The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs - *e.g.*, food, clothing, shelter, medical care, and reasonable safety - it transgresses the substantive limits on state action set by the Eighth Amendment.

*Helling v. McKinney*, 509 U.S. 25, 32 (1993) (quoting *DeShaney v. Winnebago Cnty. Dept. of Soc.*

*Servs.*, 489 U.S. 189, 199-200 (1989)).

However, with respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The *Estelle* Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). In addition, while the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Hoffman v. Tuten*, 446 F. Supp. 2d 455, 471 (D.S.C. 2006); *Brown v. Thompson*, 868 F. Supp. 326, 329 n.2 (S.D. Ga. 1994).

In *Lamb v. Maschner*, 633 F. Supp. 351 (D. Kan. 1986), the court ruled that the proper inquiry is whether the prison or jail provided any treatment, and that the plaintiff's agreement or disagreement with the treatment is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976). Therefore, the key question in this case is whether the defendants have provided plaintiff with some kind of treatment, regardless of whether it is what plaintiff desires.

633 F. Supp. at 353.

In the instant case, Plaintiff fails to show "deliberate indifference" on the part of Defendants, and his Complaint is subject to summary dismissal. *See Walker v. Peters*, 863 F. Supp. 671, 674 (N.D. Ill. 1994) (under *Farmer v. Brennan*, "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although

if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice");[3] *see also Wester v. Jones*, 554 F.2d 1285 (4th Cir. 1977) (finding no deliberate indifference when prison doctor examined prisoner's eye and failed to make diagnosis, even if negligent).

While Plaintiff's Complaint may be interpreted as an action for negligent or incorrect medical treatment, negligence, in general, is not cognizable under 42 U.S.C. § 1983. *See Estelle,* 429 U.S. at 106 (finding negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983); *Daniels v. Williams*, 474 U.S. 327, 328-36, n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); and *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir.1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Further, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney*, 489 U.S. at 200-03. Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. *Estelle,* 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

---

[3]To the extent that Plaintiff's Complaint could be construed to include common law negligence claims, the court lacks jurisdiction to consider them. A plaintiff must allege the facts essential to show jurisdiction in his pleadings. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). Plaintiff has not alleged facts to indicate the court would have diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship and an amount in controversy of more than $75,000. If the recommendation is accepted, there will remain no independent basis for federal jurisdiction, and the court should decline to exercise supplemental jurisdiction over the claims. *See* 28 U.S.C. § 1367(c)(4).

## Motion for a Temporary Restraining Order ("TRO")

Plaintiff has filed a document which has been docketed as a "Motion for Temporary Restraining Order, Motion for Preliminary Injunction." ECF No. 4. The allegations in the motion repeat those in the Complaint – that Plaintiff has a possibly life-threatening lump on his neck that requires immediate treatment. *Id.* at 3. In terms of relief, he asks that the court order Defendants to provide surgery on his neck. *Id.* at 5.

A TRO should be restricted to serving the underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Federal Rule of Civil Procedure 65 provides that "[t]he Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Plaintiff has failed to show in his motion that he will suffer immediate or irreparable injury if he does not have immediate surgery; in fact, he admits in the Complaint that no fewer than four physicians have opined that immediate surgery is unnecessary. Therefore a TRO is not appropriate.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). Plaintiff has failed to establish even the

first prong of this test, as the motion is based on a claim that is subject to summary dismissal.

Recommendation

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Haines*, 404 U.S. 519, *Neitzke*, 490 U.S. at 324-25. It is also recommended that the motion for a TRO and a preliminary injunction, ECF No. 4, be DENIED. Plaintiff's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

May 24, 2012　　　　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).